UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 76.167.235.113,<br><br>                              Defendant. | Case No.: 3:18-cv-01362-LAB-NLS<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[ECF No. 4]** |

Before the Court is Plaintiff Strike 3 Holdings, LLC's ("Plaintiff") *Ex Parte* Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. ECF No. 4. No defendant has been named or served, and so no opposition or reply briefs have been filed. For the reasons discussed below, the Court **GRANTS** Plaintiff's application.

### I. Background

Plaintiff alleges that it "is the owner of original, award winning motion pictures featured on its brand's subscription-based adult websites." ECF No. 4 at 6. On June 20, 2018, Plaintiff filed a Complaint against "John Doe," who allegedly is a subscriber of "Spectrum (Time Warner Cable)" and assigned Internet Protocol ("IP") address

76.167.235.113 ("Defendant"). ECF No. 1 at ¶ 5. Plaintiff alleges Defendant infringed its copyrights by using the BitTorrent file distribution network. *Id.* at ¶ 24. Plaintiff asserts Defendant downloaded, copied, and distributed numerous of Plaintiff's copyrighted works without authorization. *Id.* at ¶¶ 24, 26-33, 37, Ex. A to Compl.

Plaintiff seeks leave to conduct early discovery to learn the identity of the subscriber of the IP address from the Internet Service Provider ("ISP") who leased the address. Specifically, Plaintiff seeks an order permitting it to serve a third party subpoena under Federal Rule of Civil Procedure 45 on Spectrum that would require it to supply the name and address of its subscriber to Plaintiff. ECF No. 4 at 7. Plaintiff does not seek the telephone number or email address of the subscriber associated with Defendant's IP address. *Id.* ("This subpoena will only demand the true name and address of Defendant.").

## II. Legal Standard

A party is generally not permitted to obtain discovery without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). However, courts make exceptions to allow limited discovery after a complaint is filed to permit the plaintiff to learn the identifying information necessary to serve the defendant. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). The Ninth Circuit has held that "'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

A party who requests early or expedited discovery must make a showing of good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). Good cause is established through a balancing test "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276.

### III. Discussion

Plaintiff contends that there is good cause for this Court to allow expedited discovery. For the reasons stated below, the Court does find an adequate showing of good cause.

To determine whether "good cause" exists to permit expedited discovery to identify John Doe defendants, district courts in the Ninth Circuit consider whether the plaintiff (1) "identif[ies] the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court"; (2) "identif[ies] all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant; and (3) "establish[es] to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Columbia Ins.*, 185 F.R.D. at 578-80. Additionally, the plaintiff should demonstrate the discovery will likely lead to identifying information that will permit service of process. *Id.* at 580. These factors are considered to ensure the expedited discovery procedure "will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent use of this method to harass or intimidate." *Id.*

#### a. Identification of Missing Party with Sufficient Specificity

To satisfy the first prong, Plaintiff must identify Defendant with enough specificity to enable the Court to determine that Defendant is a real person or entity who would be subject to the jurisdiction of this Court. *Columbia Ins.*, 185 F.R.D. at 578. District courts in this circuit have determined "a plaintiff identifies Doe defendants with sufficient

specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, No. 12cv00186 MMA(RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012); *see Openmind Solutions, Inc. v. Does 1-39*, No. C 11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) (concluding that plaintiff satisfied the first factor by identifying the defendants' IP addresses and by tracing the IP addresses to a point of origin within the State of California); *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011) (same). Other courts have concluded that merely identifying the IP addresses on the day of the alleged infringement satisfies this factor. *808 Holdings*, 2012 WL 12884688, at *4 (citing cases).

Here, Plaintiff has provided the Court with sufficient specificity to meet its burden of showing that the Defendant is a real person. In support of its identification of the missing party, Plaintiff provides declarations and factual contentions. Specifically, Plaintiff provides a declaration from Tobias Fieser, Plaintiff's forensic investigator who is an employee in the litigation support department of IPP International UG ("IPP"). IPP provides forensic investigation services to copyright owners. ECF No. 4-2, ¶ 4. Mr. Fieser testifies that IPP monitors the BitTorrent file distribution network to locate IP addresses that are used to distribute Plaintiff's copyrighted works without authorization. *Id.* at ¶ 5. He reviewed IPP's forensic activity logs and determined its servers connected to an electronic device using IP address 76.167.235.113. *Id.* at ¶ 7. The IPP software then determined that this IP address was distributing digital content, including "pieces of Strike 3's copyrighted movies listed on Exhibit A to Strike 3's Complaint. [¶] Each piece was recorded in a PCAP, which stands for 'packet capture' and is a forensically sound interface for recording network traffic." *Id.* at ¶¶ 7-8. Notably, such distribution cannot occur without human intervention. ECF No. 4 at 12. Mr. Fieser further attests that IPP's software "verified that reassembling the pieces using a specialized BitTorrent

4

3:18-cv-01362-LAB-NLS

client results in a fully playable digital movie." *Id.* at ¶ 9. Mr. Fieser testifies that a digital file can be identified by a "Crytographic Hash Value" and that IPP software "determined the files being distributed by Defendant's IP address have a unique identifier of the Crytographic Hash outlined on Exhibit A." *Id.* at ¶ 10. Thus, Plaintiff has sufficiently demonstrated that the alleged misconduct was conducted by a real person.

The factual contentions in Plaintiff's Complaint also sufficiently trace the allegedly offending IP address to this District. Plaintiff states that it "used IP address geolocation technology by Maxmind Inc. ("Maxmind"), an industry-leading provider of IP address intelligence and online fraud detection tools, to determine that Defendant's IP address traced to a physical address in this District." ECF No. 1 at ¶ 9. Based on Exhibit A to the Complaint, and the declaration of Phillip Pasquale, the dates of the alleged infringement occurred as recently as May 2018. ECF No. 4-2 at ¶¶ 7-9. The Court is therefore satisfied that any geolocation trace occurring between the dates of alleged infringement and the date of the filing of the Complaint that traces the Defendant to this District is likely to be accurate.

Accordingly, the Court concludes Plaintiff provided a sufficient showing that it seeks to sue a real person subject to the Court's jurisdiction. Likewise, if Plaintiff obtains the identifying information from the ISP for the subscriber assigned the IP address at issue, the information sought in the subpoena would likely enable Plaintiff to serve Defendant. Therefore, the Court finds Plaintiff satisfied the "sufficient specificity" threshold.

### b. Previous Attempts to Locate Defendant

Next, Plaintiff is required to describe all steps taken to identify the Doe defendant in a good faith effort to locate and serve them. Plaintiff states that it attempted to locate Defendant by searching for Defendant's IP address using online search engines. ECF No. 4 at 14. Plaintiff also engaged in research to attempt to identify Defendant using other means and extensively discussed this issue with its computer investigators and cyber security consultants. *Id.* Despite its diligent efforts, Plaintiff was unable to

identify any means of obtaining the identity of Defendant other than through subpoenaing the information from the ISP. *Id.*, *see also,* ECF No. 4-2 at ¶ 10. In light of this information, the Court finds Plaintiff made a good faith effort to identify and locate Defendant.

### c. Whether Plaintiff Can Withstand a Motion to Dismiss

Finally, Plaintiff must establish it could survive a motion to dismiss. *See Columbia Ins.*, 185 F.R.D. at 579; Fed. R. Civ. P. 12(b). To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To present a prima facie case of copyright infringement, Plaintiff must show: (1) ownership of a valid copyright; and (2) that Defendant violated the copyright owner's exclusive rights under the Copyright Act. *Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir. 2012). In addition, for direct infringement Plaintiff is required to show causation by Defendant. *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017).

Here, Plaintiff provides evidence that it is the exclusive rights holder of the copyrighted Works at issue. *See* ECF No. 1 at 6, ECF No. 1-2, Exh. A.[1] Plaintiff also submits the declaration of Susan B. Stalzer, an employee of Strike 3 Holdings, who attests IPP provided her with the files correlating to the hashes identified in Exhibit A to the Complaint. ECF No 4-2 at ¶¶ 3, 8. She compared the provided files with Strike 3's Works and attests the Works are "identical, strikingly similar or substantially similar" to

---

[1] Exhibit A contains a chart containing United States Copyrighted Office registration information, including registration numbers or application numbers for those works where registration is still pending. Plaintiff states that it "owns the copyrights to the Works and the Works have either been registered with the United States Copyright Office or have pending copyright registrations." ECF No. 1 at 6. For Plaintiff's Works that are still pending registration, a complete application, fees, and deposit materials for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101, et seq.

Strike 3's original copyrighted Works. *Id.* at ¶¶ 9-10. Plaintiff also alleges Defendant used BitTorrent to copy and distribute the copyrighted works without authorization. ECF No. 1 at ¶¶ 37-38. Thus, Plaintiff has sufficiently presented a sufficient showing of copyright infringement. Additionally, Plaintiff has alleged sufficient facts to show it can withstand a motion to dismiss for lack of personal jurisdiction and withstand a motion for improper venue because Defendant's IP address was traced to a location in this District. ECF No. 1 at ¶¶ 7-10. Subject matter jurisdiction is also satisfied pursuant to 28 U.S.C. §§ 1331, 1338. Accordingly, the Court concludes Plaintiff has alleged a sufficient showing that would likely withstand a motion to dismiss.

Therefore, for the reasons stated above, the Court finds Plaintiff has made a sufficient showing of good cause for early discovery.

**IV. Conclusion**

For good cause shown, the Court **GRANTS** Plaintiff's *ex parte* application for leave to serve a subpoena prior to a Rule 26(f) conference. However, the Court is cognizant of the potential embarrassment of being identified in this type of case and "shares the growing concern about unscrupulous tactics used by certain plaintiffs, especially in the adult film industry, to shake down the owners of IP addresses." *Malibu Media, LLC v. Does 1-5*, No. 12 Civ. 2950(JPO), 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012). In light of these concerns and Plaintiff's invitation for the Court to issue a protective order establishing procedural safeguards, the Court **ORDERS** as follows:

1. Plaintiff shall attach a copy of this Order to any subpoena.
2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with **only** the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. The ISP is **not** to release the Defendant's telephone number or email address.
3. Within fourteen (14) calendar days after service of the subpoena, the ISP shall notify the subscriber that his or her identity has been subpoenaed by

Plaintiff. The ISP must also provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

4. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure of his or her name and contact information by filing an appropriate pleading with this Court contesting the subpoena. A subscriber who moves to quash or modify the subpoena may proceed anonymously as "John Doe," and shall remain anonymous until the Court orders that the identifying information may be released.

5. If the ISP wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other challenge is brought, the ISP shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.

6. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint. If Defendant wishes to proceed anonymously, Plaintiff may not release any identifying information without a court order allowing the release of the information.

**IT IS SO ORDERED.**

Dated: August 6, 2018

Hon. Nita L. Stormes
United States Magistrate Judge